NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILMA I SIERRA, | : |
| Plaintiff, | : **Hon. Dennis M. Cavanaugh** |
| v. | : **OPINION** |
| CONTINENTAL AIRLINES, INC., et al. | : Civil Action No. 2:12-cv-4368(DMC)(MF) |
| Defendants. | : |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Motion of Defendants Continental Airlines, Inc. ("Continental"), United Airlines, Inc. (improperly named as "UAL, Inc."), and United Continental Holdings, Inc. (collectively "Defendants") to Dismiss the Complaint of Plaintiff Wilma Sierra pursuant to FED. R. CIV. P. 12(b)(1).(Aug. 3, 2012, ECF No. 5). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' Motion to Dismiss is **granted** with prejudice.

**I. BACKGROUND**[1]

In her Complaint, Plaintiff asserts that she was employed as a pushback operator for Continental, which merged with UAL, Inc. to form United Continental Holdings, Inc. Plaintiff states that she was terminated from this position on or about May 27, 2010 due to alleged unsafe operation of a pushback

---

[1] The facts in the Background section have been taken from the Complaint (Jul. 13, 2012, ECF No. 1, Exhibit A). On this Motion to Dismiss, the Court will accept the factual allegations in the Complaint as true and construe all facts in Plaintiffs' favor.

tractor which caused damage to the aircraft and the gate and put other employees and passengers in danger. Plaintiff further asserts that per Continental's policy, the pushback operator must be in a seated position when operating the pushback tractor. However, Plaintiff alleges that she was trained and it was customary for employees to operate the pushback tractor from a standing position. Plaintiff avers that on May 12, 2012, when she was operating pushback tractor #113106 from a standing position, the brakes and emergency brake on the tractor failed, and the tractor caused damage to the plane and gate. Plaintiff further alleges that on May 12, 2010, an investigatory meeting was held, during which Plaintiff allegedly explained that all brakes had failed and Defendants had knowledge that the tractor was not functioning properly due to maintenance one week earlier.

Count One of Plaintiff's Complaint is for wrongful termination and a "breach of contract." Plaintiff alleges that the termination of her employment was wrongful because it was "without mention of the operational failures the [sic] existed within the pushback tractor that the Plaintiff was operating at the date of the incident. Similarly, Count Three of Plaintiff's Complaint sounds in breach of contract. Plaintiff alleges that she entered into an employment agreement with Defendant Continental, and pursuant to this agreement, was to perform all duties which were expected of her as an employee of Continental. Plaintiff further alleges that Continental, "without just cause terminated the Plaintiff" and failed to perform all of its obligations pursuant to the employment agreement.

Count Two of Plaintiff's Complaint sounds in defamation. Plaintiff alleges that Continental had written to her regarding her termination, and alleged that her operation of the pushback tractor was the cause of damage to the plane and the gate, and placed other employees and passengers in danger.

Defendants filed the instant Motion to Dismiss and an accompanying Moving Brief ("Def. Mov. Br.")on August 3, 2012. (ECF No. 5). Plaintiff filed an Opposition Brief ("Pl. Opp. Br.") on September,

27, 2013[2]. (ECF No. 9). Defendants filed a Reply (Def. Rep. Br.) on October 4, 2012. (ECF No. 10). The matter is now before this Court.

## II. STANDARD OF REVIEW

### Motion to Dismiss Pursuant to Rule 12(b)(1)

Upon a Rule 12(b)(1) motion addressing the existence of subject matter jurisdiction over a plaintiff's complaint, "no presumptive truthfulness attaches to a plaintiff's allegations." Martinez v. U.S. Post Office, 875 F. Supp. 1067, 1070 (D.N.J.1995) (citing Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). "Accordingly, unlike a Rule 12(b)(6) motion, consideration of a Rule 12(b)(1) jurisdiction-type motion need not be limited; conflicting written and oral evidence may be considered and a court may 'decide for itself the factual issues which determine jurisdiction." Id. (citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.) Cert. denied, 454 U.S. 897 (1981)). "When resolving a factual challenge, the court may consult materials outside the pleadings, and the burden of proving jurisdiction rests with the plaintiff." Med. Soc'y of N.J. v. Herr, 191 F. Supp. 2d 574, 578 (D.N.J. 2002) (citing Gould Elecs. Inc. v. U.S., 220 F.3d 169, 176, 178 (3d Cir. 2000)). However, "[w]here an attack on jurisdiction implicates the merits of plaintiff's [F]ederal cause of action, the district court's role in judging the facts may be more limited." Martinez, 875 F. Supp. at 1071 (citing Williamson, 645 F.2d at 413 n.6).

## III. DISCUSSION

Defendants argue that all three Counts of Plaintiff's Complaint must be dismissed because each

---

[2] The Court notes that Plaintiff's opposition to Defendants' Motion to Dismiss was due on September 17, 2012. Without seeking further extension or offering any explanation for the delay, Plaintiff filed his reply 10 days late, on September 27, 2012.

claim is preempted by the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq.*[3] The RLA was enacted "to promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes." Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 252 (1994). Defendants contend that Plaintiff's termination constitutes a "minor dispute" under the RLA. Further, Defendants state that the RLA provides an appeals process for resolving minor disputes, which Plaintiff has not exhausted here.

Defendants maintain that as a pushback operator for Continental, Plaintiff was considered a fleet service agent and was represented by the International Brotherhood of Teamsters ("IBT"), a labor union recognized on February 16, 2010 to represent the fleet service employees with Continental Airlines, Inc. (See, ECF No. 5, Declaration of William Baldwin, Exh. A). Defendants further assert that on or about March 22, 2010, Continental and the IBT entered into an "Interim Agreement"[4] pending negotiation of a final collective bargaining agreement in accordance with the Railway Labor Act. The Interim Agreement includes a provision that Continental's "decision to impose discipline or discharge will not be arbitrary, capricious, or discriminatory."(Decl. of William Baldwin, Ex. A, 2, ¶ 4). The Interim Agreement includes a grievance procedure by which employees like Plaintiff are bound to pursue grievances related to "termination warning level of discipline" and discharge. (Id. at 2-4, ¶¶ 5-6). The procedure first provides for a two-level grievance process, and then appeal to a System Board of Adjustment, which expressly has jurisdiction over disputes involving these grievances related to termination level discipline and discharge. (Id. at 2-3).

---

[3] The RLA was made applicable to the nation's airlines by 45 U.S.C. §181, *et seq.*

[4] The Interim Agreement is attached as Exhibit B to the Declaration of William Baldwin, submitted in support of the instant motion. (ECF No. 5).

First, the Court agrees with Defendants, that under the RLA, this grievance is properly characterized as a minor dispute. Section Three of the RLA provides that disputes between an employee and an airline "growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions . . . shall be handled [internally by the carrier]; but, failing to reach an adjustment in this manner, the disputes may be reffed" to mandatory arbitration before an adjustment board or an arbitration panel of coordinate jurisdiction established by the parties. See, 45 U.S.C. § 153 First (i), Second; Consol. Rail Corp. v. Ry. Labor Exec. Ass'n, 491 U.S. 299, 307-8 (1989). Here, in the Interim Agreement between IBT and Continental, the parties expressly agreed to establish an arbitration panel called a "System Board of Adjustment". (Exh. A, 3-4). The Third Circuit has stated, "if the basic injury was [an employee's] wrongful discharge, the complaint involves a minor dispute which must be arbitrated following the procedures of the RLA.... Artful pleading cannot conceal the reality that the gravamen of the complaint is a wrongful discharge." Capraro v. United Parcel Serv. Co., 993 F.2d 328, 333 (3d Cir. 1993) (quoting, Magnuson v. Burlington Northern, Inc., 576 F.2d 1367, 1369 (9th Cir.), cert. denied, 439 U.S. 930, 99 S.Ct. 318, 58 L.Ed.2d 323 (1978)). Here, Counts I and III both sound in wrongful termination, and the defamation claims asserted by Plaintiff in Count II stem from allegedly defamatory statements that were made in the context of the grievance proceedings and pertain to the circumstances surrounding her termination.

District Courts do not have subject matter jurisdiction over there minor disputes. Instead, the Adjustment Board established by the parties has exclusive jurisdiction over such disputes, and the dispute "must be resolved only through the RLA mechanisms." Consol. Rail Corp. v. Ry. Labor Exec. Ass'n, 491 U.S. at 303-4; Gen. Comm. of Adj., United Transp. Union v. CSX R.R. Corp., 893 F.2d 584, 592-3 (3d Cir. 1990). Federal courts generally become involved in these disputes only in limited

circumstances, none of which have been raised by the Plaintiff in the instant matter, such as to compel arbitration or to enforce awards resulting from arbitration. See, Capraro v. United Parcel Serv., 993 F.2d at 331 (citing Union Pac. R.R. v. Co. v. Sheehan, 439 U.S. 89, 94 (1978) ("Congress considered it essential to keep these so-called 'minor' disputes withing the Adjustment Board and out of courts.")).

Second, Plaintiff has failed to exhaust the grievance and appeal process set forth in the Interim Agreement. In the Complaint, Plaintiff states that she appealed the termination decision, a hearing was held on June 17, 2010, and that she was informed on July 13, 2010 that the termination decision was upheld. (Compl. ¶ 15). According to William Baldwin's Declaration, Plaintiff, with her union, pursued a first level grievance and a meeting was held on June 17, 2010. Mr Baldwin upheld the termination decision by letter dated June 23, 2010. (Decl. of William Baldwin, Exh. C). Plaintiff, with her union, then pursued a second level appeal to Stefan Mayden, then the Senior Director, Terminal Operations, who upheld the termination decision by letter dated July 13, 2010. Stefan Mayden advised Plaintiff of her further appeal rights to a System Board of Adjustment. (Decl. of William Baldwin, Exh. D). There is no indication here, that Plaintiff appealed the termination to the System Board of Adjustment, as required by the Interim Agreement.

Accordingly, Plaintiff's Complaint is dismissed as it is preempted by the RLA.

## IV. CONCLUSION

For the foregoing reasons, Defendants Motion to Dismiss the Complaint is **granted** with prejudice. An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date: March 22, 2013
Original: Clerk
cc: Hon. Joseph A. Dickson, U.S.M.J.
All Counsel of Record
File